IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROLLY O. KINNELL,

                    Petitioner,

          v.                        CASE NO.  09-3100-SAC

UNITED STATES
DISTRICT COURT JUDGES,
et al.,

                    Respondents.

O R D E R

    This pro se action was filed by an inmate of the Lansing
Correctional Facility.   Based upon the claims and the relief
requested, the clerk was directed to docket the initial pleading as
a civil complaint.   One threshold issue presented was what type of
action had Mr. Kinnell filed[1].  He did not put his claims on forms
provided by the court for either a civil rights complaint or a
habeas corpus petition.  The initial pleading is not entitled habeas
corpus petition, but "Petitioner's Request to Be Transferred By
Transportation Order to Swear Upon Oath of Indictments of Above".
Kinnell also filed an Application to Proceed in forma pauperis[2]
(Doc. 2).  In his IFP motion, he designates this action as "Other"
and "Criminal Procedure."  Thus, the court was again required to
parse Mr. Kinnell's non-conforming pleadings[3] in an effort to

_____

    [1]    Another is whether this action is subject to the three-strikes rule.

    [2]    Kinnell has failed to provide a certified copy of his inmate account
statement in support of this motion, even though he knows it is required by
statute.

    [3]    Kinnell is again directed to produce, by hand if necessary, and keep
copies of his pleadings so that he can at least maintain consistent captions on
all his pleadings in one case.  The court will not consider any case as amended
simply upon his filing a pleading with different names in the caption.  Here,

ascertain the actual character of his claims and determine whether he presents any basis for jurisdiction and relief.

Mr. Kinnell has recently filed a "Motion to Correct" (Doc. 3) the "clear error" of the filing of his pleading as a civil complaint, in which he states this is instead a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   This action is therefore considered by the court as a petition under § 2241.

## CLAIMS AND RELIEF REQUESTED

The numerous claims in the initial pleading are vague and conclusory.   Many are improperly joined[4] and precluded by res judicata principles, and some are simply incomprehensible.   It is thus difficult to say with certainty, but petitioner's main underlying claims appear to be that (1) his federal habeas corpus action filed in 2000 attacking his 1998 state conviction was unfairly considered and denied, (2) 28 U.S.C. § 1915(g) is unconstitutional, and (3) there is a "judicial-legislative-executive criminal conspiracy" to deny him the right to proceed in forma pauperis (IFP).   His overarching claim appears to be that he is

_____

different respondents are in the caption of his IFP motion than in his original pleading.  He also continues his practice of complaining in his pleading about the acts of persons not named in the caption.  The court will consider as respondents or defendants only those named in the caption of the original pleading, unless and until Kinnell has filed a proper amended pleading that conforms to rules and instructions provided in many of his prior cases.

[4]    The court has repeatedly instructed Mr. Kinnell that he may not raise habeas corpus claims together with unrelated non-habeas claims.  He has also been repeatedly informed that any challenge to his state conviction must be raised in a habeas corpus petition pursuant to 28 U.S.C. § 2254, which now for him requires prior authorization by the Tenth Circuit Court of Appeals.  Nevertheless, Mr. Kinnell continues to file improper hybrid actions like this one.

being denied access to the courts[5] as a result of the application of statutory restrictions[6]. These are very familiar claims that Mr. Kinnell has repeatedly raised, and this court has rejected numerous times[7]. Despite repeated instructions and directives, Kinnell continues to file repetitive civil actions and motions usually improperly mixing civil rights with habeas corpus claims. This action is yet another attempt by him to re-litigate his repeatedly-rejected habeas and non-habeas claims. The only variations in this case are the relief sought by Mr. Kinnell and the designation of his claims as a § 2241 petition.

Kinnell asserts that he "has clear criminal acts cause of actions against" the "respondents". The respondents named in the caption of the complaint are "United States District Court Judges, Tenth Circuit Court Judges, State of Kansas - Bourbon County District Court Judge Richard Smith, State Appellate Court Judges of Kansas, and Warden David R. McKune. Kinnell seeks as relief an order transporting him to federal court in DC to swear out an

---

[5]     The right of access extends to the filing of nonfrivolous actions only. Plaintiff earned his three-strikes designation by filing numerous frivolous actions. Mr. Kinnell recently filed 220 pages of materials in a single case and voluminous materials in several others. To say that he has been denied access to the courts is ludicrous. What he has been denied is relief in his frivolous cases, which he mistakenly equates with being denied access.

[6]     Kinnell repeatedly has argued that § 1915(g)'s purpose and effect is to prevent frequent filer indigent prisoners from filing civil lawsuits, and unconstitutionally impedes their right of access by requiring prepayment of fees. As he has been repeatedly informed, courts presented with these issues have consistently disagreed.

[7]     For anyone that might still be unfamiliar with Mr. Kinnell's filings, he has for years been an abusive three-strikes litigant who raises the same claims over and over. These claims include that dismissal orders issued by District of Kansas and Tenth Circuit judges based upon § 1915(g) are keeping him "falsely imprisoned," have denied him court access since 1998, improperly target pro se indigent prisoners, and were without jurisdiction because "time-barred cases" were used as strikes. He also improperly rehashes other claims regarding his 1998 criminal conviction, a long-closed civil case regarding social security benefits, and challenges to IMPP rules.

affidavit for criminal prosecution of respondents[8], and "to swear to these criminal indictment offenses herewith charged." He also asks the court to "issue warrant upon probable cause," and for an "injunctive stay of any further enforcement" in the federal courts. In addition, he asks the court to assign Anita Hill "as special United States Attorney" to "assist in the prosecution in the Washington, D.C. District Court."

**SCREENING**

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." See Rule 4, Rules Governing Section 2254 Cases. Having considered all materials filed by petitioner, the court finds as follows.

**NO CLAIMS COGNIZABLE UNDER § 2241**

An initial review of the Petition filed in this case reveals that it fails to state a cognizable claim under 28 U.S.C. § 2241. Petitioner cites 28 U.S.C. § 2241(c)(1)(2), which provides:

> "The writ of habeas corpus shall not extend to a prisoner unless- (1) he is in custody under color of the authority of the United States or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States . . . ."

Id. The jurisdiction of this court is not established by

---

[8]    He seeks criminal prosecution of judges, Congress, and other government officials based upon their passing and enforcing legislation that has restricted filings by him and other abusive litigants.

4

plaintiff's citation to this provision.   He is in custody under color of state authority for a state crime, not federal authority.

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief for persons who are in custody in violation of the constitution or laws or treaties of the United States.   28 U.S.C. § 2241(c)(3); see Maleng v. Cook, 490 U.S. 488, 490 (1989).   Petitioner expressly raises his claims and seeks relief under § 2241.   However, "[p]etitions under § 2241 are used to attack the execution of sentence, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996), in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811 (10th cir. 1997). Neither the myriad claims raised in this action nor petitioner's prayer for criminal prosecution of named respondents and others are proper grounds or requests for relief under § 2241.

Moreover, even if any of petitioner's claims might be liberally construed as a viable ground for relief under § 2241, he does not allege facts showing he has fully exhausted such claims through prison administrative channels as well as through the courts of the state.   Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)("The exhaustion of state remedies includes both administrative and state court remedies.").   Although § 2241 does not contain an express exhaustion requirement like § 2254, the Tenth Circuit has held that exhaustion is generally required in actions arising under § 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(citing Coleman v.

5

Thompson, 501 U.S. 722, 731 (1991)).

The court concludes that petitioner alleges an invalid jurisdictional basis for this action. He also fails to allege facts suggesting any other jurisdictional basis.

**CLAIMS ATTACKING STATE CONVICTION**

Obviously, Mr. Kinnell again seeks to attack his state conviction. As noted, a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a § 2241 petition is used to challenge the execution of a sentence. McIntosh, 115 F.3d at 811-12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution of his sentence is properly brought pursuant to § 2241.); Bradshaw, 86 F.3d at 166. In the recent words of the Tenth Circuit Court of Appeals:

> "Section § 2241 is a vehicle for challenging pretrial detention, see Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), or for attacking the execution of a sentence, see Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005). A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008). To the extent petitioner' allegations herein challenge the legality of his conviction or sentence, they must be brought in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and are not cognizable under § 2241. Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005).

Because AEDPA places some strict limitations on § 2254

petitions, a district court must follow certain procedures, including notification, before re-characterizing pro se pleadings as claims under § 2254.  See id. at 835 (Because the Antiterrorism and Effective Death Penalty Act "places strict limitations on second and successive claims . . . a district court must follow certain procedures before recharacterizing pro se pleadings as claims under § 2254").  Of particular relevance here, 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A); Davis, 425 F.3d at 835; Yellowbear, 525 F.3d at 924.  As Mr. Kinnell has been informed many times, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . 2254 claim until (the Tenth Circuit) has granted the required authorization."  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(citing United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).  When a petitioner files a second or successive petition in this district court without the required authorization, the Court should transfer the action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for the requisite authorization, if the interest of justice would be served. Cline, 531 F.3d at 1252.

This court takes judicial notice that Mr. Kinnell has filed a prior § 2254 petition in this federal district, which was denied; and its denial was affirmed on appeal.  He does not demonstrate that

he has received prior authorization from the Tenth Circuit Court of
Appeals for consideration of a second 2254 petition.  He may not
circumvent the statutory restraints on successive § 2254 petitions
by mischaracterizing challenges to his state conviction as claims
under § 2241[9].


**CLAIMS OF DENIAL OF ACCESS AND OTHER CIVIL RIGHTS CLAIMS**

   In order to state a claim under § 2241, a petitioner must
challenge the fact, rather than the conditions, of his confinement.
See McIntosh, 115 F.3d at 812 (A habeas corpus petition attacks the
fact or duration of a prisoner's confinement and seeks the remedy of
immediate release or a shortened period of confinement; while a
civil rights action, in contrast, attacks conditions of the
prisoner's confinement.).  As the Tenth Circuit reasoned:

> There are logical distinctions between prison condition
> suits brought under civil rights laws and execution of
> sentence matters brought under § 2241.  See, e.g., United
> States v. Furman, 112 F.3d 435, 438-39 (10th Cir.
> 1997)(challenges to good-time credit and parole procedure
> go to execution of sentence and should be brought under §
> 2241; challenges to conditions of confinement and related
> civil rights allegations should be brought pursuant to
> civil rights laws); Orellana v. Kyle, 65 F.3d 29, 31 (5th
> Cir. 1995)(per curiam)(if a favorable resolution of the
> action would not automatically entitle the prisoner to
> release, the proper vehicle is 42 U.S.C. § 1983), cert.
> denied, 516 U.S. 1059 (1996) . . . .

Id.  In short, Mr. Kinnell's claims of civil rights violations must
be raised in a civil rights complaint.

   To the extent Kinnell's claims allege civil rights violations,

---

[9]      This case was not filed, and is not treated, as a § 2254 petition.
If it were, it would clearly be successive.  Should Kinnell hereafter file a
petition attacking his state conviction it must be properly styled as one under
§ 2254 and submitted on forms provided by the court.  In addition, he must have
sought and obtained prior authorization in accordance with 28 U.S.C. § 2244(b)(3).

no purpose would be served by this court's liberally construing them as such. Mr. Kinnell has previously been designated a three-strikes litigant. Thus, the court must remind him that "[i]n no event shall [he] bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] . . . unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). None of Mr. Kinnell's allegations indicate he "is under imminent danger of serious physical injury." See White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). He may not avoid the statutory restrictions on three-strikes litigants by characterizing his claims of civil rights violations as § 2241 grounds.

**REQUESTS FOR CRIMINAL PROSECUTION**

This court's jurisdiction is also not established by Kinnell's citations to provisions in Title 18, U.S.C., regarding crimes and criminal procedure. In fact, the court is aware of no authority for Mr. Kinnell to, in effect, initiate criminal prosecution of judges and other government officials by his filing any type of complaint in federal court. Instead, decisions as to what charges and persons to prosecute in the federal courts are matters within the discretion of federal prosecutors. There is no federal right to have criminal wrongdoers prosecuted. See Leeke v. Timmerman, 454 U.S. 83, 87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**CONCLUSION**

9

In sum, the court concludes that this action must be dismissed for failure to state a claim under 28 U.S.C. § 2241. Due to Kinnell's express intent together with his abusive litigation history, and because his claims have previously been repeatedly rejected and his requests for relief are frivolous on their face, the court declines to give Mr. Kinnell the opportunity to have his claims treated as brought under § 2254 or § 1983.

If, in the future, plaintiff files either a habeas corpus petition under 28 U.S.C. §§ 2241 or 2254, or a civil rights complaint under 42 U.S.C. § 1983 in federal court, it must be submitted on forms obtained from the clerk of the court. He may also obtain forms for filing an in forma pauperis motion from the clerk. Court rules require that these actions be filed on the court-approved forms. See D.Kan.Rule 9.1(a)(Petitions for writs of habeas corpus . . . and civil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request.").

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is provisionally granted for the sole purpose of screening and dismissing the instant § 2241 Petition.

**IT IS FURTHER ORDERED** that petitioner's Motion to Correct (Doc. 3) is granted, and this petition brought pursuant to 28 U.S.C. § 2241 is dismissed for failure to state a cognizable claim.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge